**Albert C. HORA, Petitioner-Appellant,**

**v.**

**STATE OF LOUISIANA, Respondent-Appellee.**

**No. 73-1708.**

United States Court of Appeals, Fifth Circuit.

June 12, 1974.

Overton C: Thierry, New Orleans, La. (Court-appointed), for petitioner-appellant.

William J. Guste, Jr., Atty. Gen., Baton Rouge, La., LeRoy A. Hartley, Sp. Counsel, Russell J. Schonekas, New Orleans, La., for respondent-appellee.

Before BROWN, Chief Judge, and WISDOM and MORGAN, Circuit Judges.

PER CURIAM:

In 1968, Appellant pleaded guilty in state court to two charges of attempted aggravated rape—one pursuant to a 1963 indictment, the other pursuant to a 1968 information and received concurrent 20 year sentences. On the basis of a hearing before and a report from a federal magistrate, the District Court denied Appellant's § 2254 habeas corpus petition attacking the pleas on the grounds of coercion and ineffective assistance of counsel.[1]

Essentially, Appellant alleges that on the advice of counsel, he pleaded guilty to both charges of attempted aggravated rape virtually within minutes after both client and counsel first discovered the very existence of the 1963 indictment for the capital crime. These uncontradicted allegations of both Appellant and appointed counsel (at the time of the pleas) raise more than a colorable claim of ineffective assistance of counsel. See, e. g., Herring v. Estelle, 5 Cir., 1974, 491 F.2d 125; Windom v. Cook, 5 Cir., 1970, 423 F.2d 721; Calloway v. Powell, 5 Cir., 1968, 393 F.2d 886.

We believe that we ought not undertake to consider this issue absent the assurance that we have before us the full facts as they can best be developed. Since the present record leaves us in a state of confusion and uncertainty, we vacate and remand to the District Court for a further inquiry into the circumstances surrounding the 1963 indictment, the 1968 guilty plea and the events which transpired during the intervening period.

While the state court records show that an indictment for aggravated rape was returned against Appellant on July 24, 1963, Appellant contends that he was unaware of the existence of this indictment until the day he entered his pleas of guilty in 1968. In the hearing before the federal magistrate, Appellant testified that in 1963 he was arrested for aggravated rape and taken to the police station and held for 72 hours after which he was released and told that no charges were pending against him.

The state appears to contend that it was unable to locate Appellant between 1963 and 1968 and regarded him as a fugitive from justice. The state records indeed show that a 1963 notice of arraignment was returned unserved with the notation that Appellant no longer resided at the address listed.

Appellant testified, however, that although he did move, he left a forwarding address and continued to live in the city of New Orleans under his own name. In addition, he continued to work

---

1. Appellant has exhausted his state collateral remedies to no avail. He also raises a challenge to the racial composition of the Grand Jury and a search and seizure claim. These issues would not be cognizable under a § 2254 petition in the wake of an intelligent and voluntary plea of guilty. See, e. g., Tollett v. Henderson, 1972, 411 U.S. 258, 93 S. Ct. 1602, 36 L.Ed.2d 235. We decline to pass on these issues pending the determination of the constitutional validity of the guilty plea.

at the P & J Oyster Company during the entire period from 1963 to 1968. He further testified that he did not leave the city during this time. Appellant offered to present a witness who would testify that he had known Appellant to have worked at the P & J Oyster House from 1961 to 1968. The state stipulated that the witness would so testify.

Appellant's assertion of ineffective assistance of counsel is bolstered by appointed counsel's testimony that in the absence of any information in his files pertaining to the 1963 charge, he could only presume that he was unaware of that charge until the very day the pleas were entered. He admitted that he would necessarily have had no time to investigate that charge.[2] Finally he speculated that in view of the 1968 charge he no doubt advised Appellant to plead guilty to the recently discovered 1963 charge as a matter of expedience.

As is unfortunately so frequently the case, the District Court did not have before it either a complete certified docket sheet of the state proceedings in issue nor a transcript of the colloquy preceding the acceptance of this pre-*Boykin*[3] plea.[4]

We remand to the District Court with directions to hold a hearing to inquire into the circumstances surrounding and to enter specific findings of facts and conclusions of law regarding the return of the 1963 indictment and the arrest and release of Appellant pursuant to it and all other matters pertaining to the 1963 charge. Particularly the District Court should require the state to come forward and prove what efforts if any the state made to arraign Appellant on the 1963 charge between 1963 and 1968 or what other actions there were from which the habeas court could infer what knowledge the accused had of the 1963 charge prior to and at the time he made the 1968 plea. The Court should require the parties to exhaust within reasonable limits a full inquiry into the whereabouts of Appellant during this time. This evidentiary exploration should cover all aspects of when following Appellant's arrest in 1968 did the state first inform Appellant that the 1963 indictment was pending.

We do not mean, however, to in any way circumscribe the scope of the District Court's inquiry. Rather it should further develop the record on all facts and circumstances which would bear on Appellant's allegations that he was denied effective assistance of counsel and that his pleas of guilty were involuntary and coerced.

Vacated and remanded.

---

2. Appellant further testified that counsel who was appointed to represent him following his arrest on the charge of aggravated rape in 1968 spent no more than five minutes conferring with him prior to the day the pleas were entered.

3. *Boykin v. Alabama*, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

4. The state record consists of little more than a disjointed collection of minute entries and handwritten notations.